UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK JONES, #281804,

Plaintiff,

v.

CASE NO. 2:12-CV-15410
HONORABLE ARTHUR J. TARNOW

ISABELLA CO. PROSECUTOR'S OFFICE, et al.,

Defendants.
_________________________________/

**OPINION AND ORDER DENYING PLAINTIFF LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE, DISMISSING THE CIVIL RIGHTS COMPLAINT, AND DENYING OUTSTANDING MOTIONS**

I.

Michigan prisoner Rodrick Jones ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the Isabella County Prosecutor's Office and Prosecutors Larry Burdick and Mark Kowalczyk, as well as motions for the appointment of counsel and for discovery. Plaintiff has not paid the $350.00 filing fee for this action, but has submitted an application to proceed without prepayment of the fee. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff raises claims concerning his criminal proceedings and his access to the courts. He seeks an apology, monetary damages, and other appropriate relief. Having reviewed the matter, the Court finds that Plaintiff is a "three-striker" who is not eligible to proceed without prepayment of the filing fee for this action. The Court shall therefore deny him leave to proceed without prepayment of the fee, dismiss his complaint pursuant to 28 U.S.C. § 1915(g), and deny his outstanding motions. The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in

good faith.

II.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Jones v. White*, No. 10-CV-15156 (E.D. Mich. Nov. 10, 2011); *Jones v. White*, No. 10-CV-12308 (E.D. Mich. Aug. 18, 2010); *Jones v. Brown*, No. 10-CV-12391 (E.D. Mich. Aug. 16, 2010). Plaintiff has also previously been denied leave to proceed without prepayment of the filing fee for having three strikes. *See, e.g., Jones v. Mt. Pleasant Police Dep't.*, No. 12-CV-14541 (E.D. Mich. Oct. 24, 2012); *Jones v. White*, No. 12-CV-12125 (E.D. Mich. May 31, 2012); *Jones v. White*, No.

12-CV-12194 (E.D. Mich. May 30, 2012). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee for this civil action unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has made no such showing. He is thus not entitled to proceed without prepayment of the filing fee for this action and his complaint must be dismissed.[1]

III.

Based upon the foregoing analysis, the Court concludes that Plaintiff has filed more than three previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Plaintiff leave to proceed without prepayment of fees for this action and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed. Additionally, given the Court's dismissal of the complaint, the Court **DENIES** Plaintiff's motions for counsel and for discovery as moot. Lastly, the Court concludes that any appeal from this decision would be frivolous and cannot be taken in good faith.

[1]Plaintiff states that he is not challenging his criminal conviction(s) in his pleadings, but also seems to indicate that he is filing a civil rights complaint and a habeas petition. To the extent that Plaintiff seeks to pursue federal habeas relief, he must file a separate petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and comply with the applicable filing requirements. Plaintiff may not circumvent those requirements by filing a joint or hybrid action. Accordingly, the Court severs and dismisses without prejudice any habeas claims.

*See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). This case is closed.

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 11, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 11, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant